UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RODRICK DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:05-CV-163-TS |
| | ) |
| ALLEN COUNTY SHERIFF, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Rodrick Davis, a pro se prisoner, submitted a Complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks, and ellipsis omitted).

Among the 103 pages of his Complaint and its attachments, the Plaintiff alleges that his ex-wife and her family are involved in a conspiracy with the Allen County Sheriff, the county attorney, and a jail internal affairs investigator. Though he alleges that the goal of the conspiracy was insurance fraud, he believes that its basis was the co-conspirators' shared ethnic heritage.

> Something else Tamara [now ex-wife] brings to my attention is her name Reichard. She tells me that it had a letter "t" at the end though the government allowed them to remove it. She said because they're German. After stating such, I realize who I'm fighting as the jail's attorney. His name is John Feighner. When you pronounce his name its as Feightner with a "t" in it. Though when you spell it there is none. I come to the conclusion that there's a very likely possibility that the Reichards and Feighner are related or both of German decent. I also speak with Pat Kite from the Internal Affairs, this stay in Jail about my complaints. I tell her of my suspicion of Feighner and the Reichards. She then tells me that it means nothing, and that her maiden name is German. Admitting such from her own mouth.

(Pf.'s Comp. at 8-9) (punctuation altered for clarity).

The Plaintiff alleges that this Teutonic conspiracy committed insurance fraud.

> 24. What I'm sure has taken place is this. Allen Co. or John Feighner [the county attorney] and Pat Kite [the jail internal affairs investigator] rather, have payed my in-laws [the Reichards'] medical bills with Allen County's money. Why? I'm not sure whether they're related or what. Mike Reichard medical bills, Harold Reichard medical bills, and Patricia Reichard. Tamara [now ex-wife] has came back to my home after leaving April 23, 2004 and spoke of how her mom has had her insurance changed and so forth. I'm sure this is their way of trying to cover their tracks. Allen County Jail was under reconstruction in 2002. When I was took to jail in August of 2002, the reconstruction was at a stand still. Said that Allen Co. was to had run out of money and could not pay constructors or obtain equipment to proceed. After I was tooken to jail and filed my lawsuit, it seemed that Allen Co. all of a sudden received a good fortune of funds to proceed. It was said throughout the city that they received loans. By 2003, in the summer, construction was done. What I'm sure took place is Allen County's money was spent on my in-laws. Once Allen Co. needed their money and none was in their account to be used, John Feighner and Pat Kite put the conspiracy and insurance fraud plans in action to acquire Allen County's money back, that they spent for them "cousins". Without any other means for the Reichards

> to pay back such a debt, I was used as the next best solution. Beginning of 2004, Patricia Reichard underwent laser surgery to remove cataracts. Once Tamara left she came back saying her mom got her insurance changed. I'm sure the reason was because she never was on insurance or either it was something rather cheap, with not working since 1966. Yet to have laser surgery they've had to now make all the puzzles to the lies that they're to come up with fit appropriately. Tamara told me about her mom receiving social security benefits or what not. That's fine though without working I'm sure even with the deficit of the country, social security would and does put a limitation on over funding for a single citizen.
>
> All of number 24 I feel is a clear depiction of the conspiracy and insurance fraud.

(Pf.'s Comp. at 15-16) (punctuation altered for clarity).

The Plaintiff also alleges that Allen County separated him from his children for some unknown reason.

> Coming to jail in '04, they come to me with DNA samples for two children. Come to find out I have a 12 year old little girl and a nine year old little boy I had suspicions of. The girl I'd not known of. Allen County has allowed me to neglect my biological children so that they could use me to their advantage.

(Pf.'s Comp. at 12.)

The Court finds that the Plaintiff's Complaint should be dismissed as frivolous because his claims are unbelievable. *See Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002) (noting that suits can be dismissed as factually frivolous when "the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity").

It is not believable that monies intended for jail renovations were illegally spent to pay for medical care for the Plaintiff's in-laws. Neither was he the source of replacement funds to complete the jail renovations. The allegation that the county allowed him to be separated from his biological children so it could use him to its advantage, is also delusional.

3

The Plaintiff states that the prosecutor and his public defender "are saying that I'm not competent to stand trial." (Pf.'s Comp. at 14.) He states that they are "writing to claim I need a mental evaluation." (*Id.*) Though it is not for this court to resolve those questions, it is nonetheless clear that the Plaintiff's claims here are factually frivolous.

For the foregoing reasons, the Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on June 9, 2005.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT